This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

 Plaintiff-Appellant,

v. NO. 32,186

**STEWART ALSOP,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Gary K. King, Attorney General
Donna Bevacqua-Young, Assistant Attorney General
Santa Fe, NM

for Appellant

John Day Law Office, LLC
John W. Day
Santa Fe, NM

Jennifer L. Attrep
Santa Fe, NM

for Appellee

# MEMORANDUM OPINION

**KENNEDY, Judge.**

The State appeals the dismissal of the charges against Stewart Alsop (Defendant). In our notice, we proposed to affirm. Both Defendant and the State have timely responded to our proposal. We have considered their arguments and affirm.

In our notice, we proposed to affirm the district court's dismissal of the charges here. The State claimed error on appeal on the basis that the reason for the dismissal was a speedy trial violation, but the district court did not apply the principles set out for a speedy trial violation. Rather, the district court ruled that the State's appeal, to which it had no right, delayed the progress of the trial with an empaneled jury, which rendered the ability of the jury to properly participate so problematic as to require dismissal owing to due process concerns. We proposed to conclude that the dismissal was based on a number of different reasons that ultimately resulted in prejudice to the Defendant requiring dismissal of the charges.

The State argues that dismissal was not warranted because this case was unique. It was not. We fail to see how the fact that the United States Supreme Court had decided a New Mexico confrontation clause case four months prior to Defendant's objection, and the district court's ruling, made this case any different than a number of other cases pending in the New Mexico courts that might have been affected by the

decision. In fact, the State acknowledges that this case was one of many in the district courts where the application of *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), was under consideration. Moreover, the fact that the district court applied *Bullcoming* in a manner with which the State disagreed does not make this case unique. Again, we note that there were a number of cases coming before this Court where district courts applied *Bullcoming* in various different ways, including the way that the district judge ruled in this case. Trial courts do not always agree with the parties' positions. We do not see how a recent Supreme Court case that might be relevant makes this case unique.

We recognize that the district court certified the case to this Court for a decision on its ruling. However, that was done at the insistence of the State and over the objection of Defendant. We made it clear in our ultimate ruling on the State's application for interlocutory appeal that it could not appeal the district court's decision in the middle of the trial, and the Supreme Court denied certiorari. *State v. Alsop*, 2011-NMCERT-012, ___ N.M. ___, ___ P.3d ___ (No. 31,511, Dec. 21, 2011). We do not see how our application of precedent to dismiss the State's appeal makes this case unique.

The State argues that there was no outside interference with the jury that could have affected a verdict. The State does not seem to recognize that time itself can act

3

so as to interfere with the jury's role as trier of fact. In this case, after the State presented its case, the trial was recessed for more than seven months while the State twice attempted to appeal the district court's ruling suppressing the breath test results. The jury members were left to resume their daily lives, yet, the case was still pending. We recognize that the jurors have not been questioned about the possibility of any discussion with others about the case. However, we do not believe that such communication or extraneous information must be proven. Rather, it is the possibility of outside contact or influence that is important here. *Cf. State v. Rodriguez*, 2006-NMSC-018, ¶ 5, 139 N.M. 450, 134 P.3d 737.

The State argues that manifest necessity was present for the grant of a mistrial. It argues that an injustice to the public was wrought by allowing a drunk driving prosecution to be dismissed. This is not what is contemplated by the phrase "manifest necessity." The manifest necessity is directed to some emergency beyond the court's or the parties' control that happened during trial that makes reaching a fair result impossible. There was nothing about the situation here that presented an emergency beyond the parties' control. In fact, the State controlled the delay here by attempting to appeal again a ruling that this Court has stated it had no right to appeal. As we pointed out in our notice, the State could have proceeded with the case under the alternative charge of driving while impaired, rather than insisting on taking the appeal

4

in the hopes of getting the breath test results admitted. It would not then have been in the position of having the charges dismissed.

Finally, the State argues that double jeopardy does not prevent retrial in this case. We disagree with the State's view of this matter. The dismissal in this case was a dismissal with prejudice that we view as within this district court's discretion in controlling its docket and as a sanction against the State for undermining the integrity of the proceedings. Thus, double jeopardy prevents reprosecution.

The State insisted on appealing the district court's evidentiary ruling in the middle of the trial. [RP 230] Defendant objected to the interlocutory appeal, pointing out that there was case law to the effect that such an appeal was not available to the State. [RP 218, 259] The State, nevertheless, proceeded with the appeal. After the this Court dismissed the appeal, [RP 320] the State petitioned the Supreme Court for a writ of certiorari. The petition was denied. [RP 334, DS 7] During the time that the State was pursuing these appeals, the trial was in recess. The jurors were on hold for more than seven months after having heard a number of witnesses for the prosecution.

The district court has the responsibility to maintain the integrity of judicial proceedings. *See In re Griego*, 2008-NMSC-020, 143 N.M. 698, 181 P.3d 690 (discussing a judge's obligation to ensure the integrity of the judicial process); *State*

*v. Gonzales*, 2005-NMSC-025, ¶ 37, 138 N.M. 271, 119 P.3d 151 (noting that a trial court will still need to examine closely the facts of each case with an eye to the ultimate goal of maintaining confidence in the integrity of the judicial system). Where the actions of the State have in some way affected the integrity of the process, such that a criminal defendant's rights have been prejudiced, the district court is within its discretion in dismissing the charges. Here, the State's actions in this case were such that the district court concluded that it had undermined the integrity of the proceedings by insisting on taking appeals to which it had no right, interrupting the proceedings, and giving the jury the opportunity to both forget what had been presented earlier and be improperly influenced. We conclude that the district court was within its discretion in dismissing the charges based on the State's actions here.

For the reasons stated herein and in the calendar notice, we affirm.

**IT IS SO ORDERED**.

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**